■ PHILIP LAMNECK, Appellant, v COUNTY OF NASSAU et al., Defendants, and RUSSELL KUPFER et al., Respondents. [682

NYS2d 631] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Adams, J.), dated February 3, 1998, which granted the motion of the defendants Russell Kupfer and William Moran to set aside a verdict in favor of the plaintiff and against them and directed a verdict in their favor, and (2) as limited by his brief, from so much of a judgment of the same court, entered April 13, 1998, as, in effect, is in favor of the defendants Russell Kupfer and William Moran and against him, dismissing the complaint insofar as asserted against them.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the order is vacated, the motion is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment in favor of the plaintiff; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The jury verdict in favor of the plaintiff and against the defendants Russell Kupfer and William Moran was supported by legally sufficient evidence. Therefore, the Supreme Court erred in dismissing the complaint insofar as asserted against those defendants (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499).

Further, the verdict was not against the weight of the evidence, as the jury's determination was supported by a fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 134). Consequently, the verdict should not have been disturbed. Santucci, J. P., Joy, Altman and Luciano, JJ., concur.